McAdam, Ch. J.
The contention involved a pure question of fact, and the finding of the jury thereon is conclusive, for there is evidence sufficient to warrant it. The only difficulty in the case is that presented by the following exception: The defendant testified that the plaintiff’s employment was conditional, or, to use his own language, “That I would exchange that (his property) providing I didn’t sell the house myself before he brought me the offer for it.” The evidence further showed that one of the houses (part of the property) had been sold by the defendant before the plaintiff communicated his offer to the defendant, yet the trial judge held that the plaintiff was nevertheless entitled to his brokerage unless the defendant *397 communicated to the plaintiff the fact of the sale by himself before the plaintiff found his purchaser.
This was, in effect, the charge of the trial judge, and we regard it as error. If the plaintiff accepted a conditional employment, the chances of success in his undertaking were dependent upon the condition. The defendant had not agreed to give the plaintiff any notice of any sale made by himself, and he expressly reserved the right to make such a sale, and the plaintiff was allowed to act upon the understanding that if the defendant did make such a sale he would not pay commission. This is the necessary effect of the defendant’s testimony. If not, the condition amounts to nothing, because the defendant, without any such reservation, had the right to countermand the plaintiff’s employment at any time before he accomplished his task of finding a purchaser.
We do not mean to be understood as saying that there was any such condition or understanding in point of fact. It is sufficient to hold that the defendant swears there was, and the jury should have been instructed that if they found there was such a condition, and that the defendant had sold one or more of the houses before the plaintiff communicated his offer, they should find for the defendant.
The trial judge did not do this, but told the jury that if there was an opportunity of notifying the plaintiff of the sale which he himself made, he was bound to communicate the fact to him, or in default thereof was liable to him for the brokerage claimed, notwithstanding the sale previously made by himself. This was error, for which the judgment must be reversed and a new trial granted, with costs to abide the event.
Browne and Ehrlich, JJ., concur.